# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID LEGRIERE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PATERSON, OFFICER MICHAEL CHEFF, JOHN DOES 1–25, and ABC CORPS. 1–25,<br><br>    Defendants. | Civ. No. 20-08361 (KM) (ESK)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    David Legriere was arrested by Paterson Police Officer Michael Cheff. Legriere now sues Officer Cheff and the City of Paterson, asserting that the arrest was not supported by probable cause and was effected by the use of excessive force. Defendants move to dismiss the complaint for failure to state a claim. (DE 6, 9.)[1] For the following reasons, the motion is **GRANTED** without prejudice to the submission, within 30 days, of a properly supported motion to amend the complaint.

## I.    BACKGROUND[2]

    In August 2018, Paterson police were investigating a crime scene on a public street, and they designated the area as such. (Compl. ¶ 9.) Mr. Legriere's

---

[1]     Certain citations to the record are abbreviated as follows:

DE = docket entry

Compl. = Complaint (DE 1)

[2]     Both parties rely on materials outside the Complaint and, to boot, dispute the facts therein. This is not helpful on a motion to dismiss. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citation omitted). Courts may also consider "document[s] integral to or explicitly relied upon in the complaint." *Id.* (citation omitted). The Complaint did not attach and reference any of the documents now

residence "abutted" the crime scene area. (*Id.* ¶ 11.) Despite the crime-scene designation, Legriere and others were "permitted to traverse the area." (*Id.*)

At one point, however, Officer Cheff demanded that Mr. Legriere leave the area. (*Id.* ¶ 12.) Legriere explained to Cheff that he resided next to the scene and "had been allowed to walk in the area." (*Id.*) Cheff refused to let him continue, and Legriere protested. (*Id.* ¶¶ 12–13.)

Then, Officer Cheff allegedly "assaulted" Mr. Legriere and arrested him. (*Id.* ¶ 13.) Thereafter, a criminal complaint issued charging Legriere with obstructing a police officer and resisting arrest. (*Id.*) Because the prosecution never produced required discovery, the charges were dismissed. (*Id.* ¶ 14.)

Following the dismissal, Mr. Legriere sued Defendants, asserting ten claims. The first five are brought under 42 U.S.C. § 1983: (1) false arrest (*id.* ¶¶ 15–20), (2) excessive force (*id.* ¶¶ 21–26), (3) supervisor liability against unidentified supervisors (*id.* ¶¶ 27–32), (4) failure to train (*id.* ¶¶ 33–38), and (5) failure to supervise (*id.* ¶¶ 39–45). The next five are brought under New Jersey law: (6) excessive force (*id.* ¶¶ 46–50), (7) assault and battery (*id.* ¶¶ 51–56), (8) negligent retention and supervision (*id.* ¶¶ 57–63), (9) false arrest (*id.* ¶¶ 64–67), and (10) malicious prosecution (*id.* ¶¶ 68–72).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the

---

submitted by the parties. Further, none of them appear to be publicly available. That the parties vehemently dispute the facts suggested by those materials means that they are not appropriate for judicial notice and may present disputes not suitable for resolution on a motion to dismiss. *Matrix Distribs. v. Nat'l Ass'n of Bds. of Pharm.*, Civ. No. 18-17462, 2020 WL 7090688, at *5 (D.N.J. Dec. 4, 2020). For all those reasons, I adopt the usual practice on a motion to dismiss and limit my review to the facts alleged in the Complaint.

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

### III. DISCUSSION

The federal false-arrest and excessive-force claims (Counts 1 and 2) I will dismiss, which means that the derivative federal claims (Counts 3–5) fail as well. That leaves the state-law claims (Counts 5–10), as to which I decline to exercise supplemental jurisdiction.

#### A. False Arrest

Mr. Legriere alleges that his arrest violated the Fourth Amendment. (Compl., Count 1.) The Fourth Amendment prohibits an officer from making a warrantless arrest unless the officer had "probable cause to believe that the suspect committed a crime in [his] presence." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018). "Probable cause exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed." *Karns v. Shanahan*, 879 F.3d 504, 523 (3d Cir. 2018) (quotation marks and citation omitted).

I gather from the Complaint that Mr. Legriere was arrested for obstructing a police officer in the performance of his duties. (*See* Compl. ¶ 13.) The New Jersey crime of "obstructing administration of law or other government function" provides as follows:

> A person commits an offense if he
>
> [1] [a] purposely obstructs, impairs or perverts the administration of law or other governmental function or
>
> [b] prevents or attempts to prevent a public servant from lawfully performing an official function
>
> [2] by means of

>> [a] flight,
> 
> [b] intimidation,
> 
> [c] force,
> 
> [d] violence, or
> 
> [e] physical interference or obstacle, or
> 
> [f] by means of any independently unlawful act.
>
> This section does not apply to . . . any other means of avoiding compliance with law without affirmative interference with governmental functions.

N.J. Stat. Ann. § 2C:29-1(a) (formatting added). This is a disorderly-persons offense, but may rise to the level of a felony "if the actor obstructs the . . . investigation of a crime." *Id.* § 2C:29-1(b).

Officer Cheff had probable cause to believe that element 1 was satisfied. "[L]awfully performing an official function" refers to "a police officer acting in objective good faith, under color of law in the execution of his duties." *State v. Reece*, 117 A.3d 1235, 1245 (N.J. 2015) (citation omitted). There seems to be no dispute that Cheff was performing his investigative duties as a police officer. Legriere refused to leave the designated crime scene, which Cheff could reasonably have regarded as diverting him from and impeding his performance of his duties. Likewise, Cheff could reasonably have concluded that Legriere satisfied the aggravating factor of obstructing an investigation. N.J. Stat. Ann. § 2C:29-1(b).

Element 2 requires that the defendant have prevented the officer's investigation by one or more of the means listed in (a)–(f). *State v. Fede*, 202 A.3d 1281, 1287 (N.J. 2019). The Complaint does not allege flight, intimidation, force, or violence on Mr. Legriere's part, and Officer Cheff does not point to "any independently unlawful act" that Legriere committed. So the question becomes whether Legriere's actions constituted a "physical interference or obstacle." This "requires affirmative interference," meaning that the defendant made some "physical effort." *Id.*

The Appellate Division has held that refusal to leave a scene is a physical interference sufficient to support a conviction. In *State v. Hernandez*, the court

4

held that there was an adequate factual basis for a defendant's guilty plea when the defendant had refused to leave the area where officers were arresting his brother, after they told him to do so. 768 A.2d 1062, 1066 (N.J. Super. Ct. App. Div. 2001). In *State v. Camillo*, the court construed *Hernandez* to mean that "refusal to leave the scene" qualified as physical interference. 887 A.2d 1151, 1155 (N.J. Super. Ct. App. Div. 2005). Given *Hernandez* and *Camillo*, Mr. Legriere's refusal to leave the scene was a "physical interference or obstacle" that prevented police from performing their investigation.

The issue here involves the relatively low threshold of probable cause, not proof beyond a reasonable doubt.[3] Officer Cheff had probable to arrest Mr. Legriere for violating N.J. Stat. Ann. § 2C:29-1.

Count 1 is therefore dismissed.

### B. Excessive Force

Mr. Legriere alleges that Officer Cheff used excessive force when arresting him, violating the Fourth Amendment. (Compl., Count 2.) The Fourth Amendment prohibits the use of unreasonable force when making an arrest. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The issue here is whether Officer

---

[3] *Fede* possibly complicates the holdings of *Hernandez* and *Camillo*, because *Fede* emphasized that a mere *failure* to act does not constitute a physical effort. The distinction between acts and omissions is always a slippery one, but I find *Fede* distinguishable; there, police officers knocked on the defendant's door in response to an emergency call, but he declined to undo the chain lock. At any rate, *Fede* was decided after Mr. Legriere's arrest, and the probable cause standard does not require police officers to engage in subtle, on-the-spot "analysis of legal considerations." *Wagner v. N. Berks Reg'l Police Dep't*, 816 F. App'x 679, 683 (3d Cir. 2020) (quotation marks and citation omitted).

Nor does Mr. Legriere point to any authority for the proposition that his refusal to leave a crime scene could not have been criminal because the officer was impeding his access to his home or the adjacent area. The allegations of the Complaint, taken as true, imply that Legriere perceived the police as being high-handed. It is permissible, however, for the police to isolate a crime scene and exclude passersby to keep order and facilitate the collection of forensic and other evidence. Such an investigation may, as is alleged here, inconvenience those going about their daily business, leading to understandable frustration.

5

Cheff's actions were "objectively reasonable in light of the facts and circumstances," considering, among other things, what force was needed to make the arrest, any resistance thereto, and the degree of the arrestee's physical injury. *El v. City of Pittsburgh*, 975 F.3d 327, 336 (3d Cir. 2020).

The Complaint does not plausibly allege that Officer Cheff used unreasonable force. "[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion." *Graham*, 490 U.S. at 396; *see also Graham-Smith v. Wilkes-Barre Police Dep't*, 739 F. App'x 727, 731 n.16 (3d Cir. 2018) (collecting cases for the proposition that de minimis injuries do not support an excessive-force claim). For that reason, a complaint fails to state an excessive-force claim when it does not plead facts allowing an inference that the force used was unreasonable, *i.e.*, that it went beyond what was necessary to accomplish an arrest under all the circumstances. *E.g.*, *Carter v. Hunterson*, 831 F.3d 1104, 1109 (8th Cir. 2016); *Peña-Borrero v. Estremeda*, 365 F.3d 7, 12 (1st Cir. 2004); *Kwanzaa v. Tell*, Civ. No. 19-16052, 2019 WL 5541280, at *6 (D.N.J. Oct. 28, 2019). To satisfy the pleading standards of *Twombly/Iqbal, supra,* unvarnished allegations that a plaintiff was assaulted or injured are insufficient; arresting officers are authorized to use force, even considerable force, so the complaint must set forth facts permitting a court to infer that the force was *unreasonable* under the circumstances. *Id.*; *see Lynn v. Schertzberg*, 169 F. App'x 666, 667, 670 (3d Cir. 2006) (complaint alleged that officers pushed the plaintiff to the ground, threw him into the police car, dragged him from the car, and threw him to the ground, resulting in "a broken nose, lacerations about his head and face with visible cuts, abrasions, and contusions").

Here, the Complaint merely alleges that Officer Cheff "assaulted" Mr. Legriere and caused him "serious bodily injury." (Compl. ¶¶ 13, 26.) These allegations are too vague and conclusory to plausibly set forth an excessive force claim.

Count 2 is dismissed.

### C. Remaining Federal Claims

The remaining § 1983 claims are derivative; they stand or fall with the false-arrest and excessive-force claims. They allege that Officer Cheff's unidentified supervisor should be liable for his actions (Count 3), that the City failed to train its employees to prevent constitutional violations (Count 4), and that the City failed to supervise its employees to prevent constitutional violations (Count 5). All of those claims fail because there can be no derivative liability without an underlying constitutional violation. *Vargas v. City of Philadelphia*, 783 F.3d 962, 974–75 (3d Cir. 2015). Counts 1 and 2 have been dismissed, and these derivative claims cannot stand independently.[4]

Counts 3, 4, and 5 are therefore dismissed.

### D. Remaining State Law Claims

The remaining claims (Counts 6–10) are brought under New Jersey law. I have dismissed the federal claims, and the complaint does not allege diversity of citizenship between the parties. (*See* Am. Compl. ¶ 4–6.) The only potential source of federal subject matter jurisdiction, then, would be the supplemental jurisdiction statute, 28 U.S.C. § 1367.

"In the ordinary course, 'where the claim[s] over which the district court has original jurisdiction [are] dismissed before trial, the district court *must* decline to decide the pendent state claims . . . [unless] 'considerations of

---

[4] For the guidance of the parties, I note that Counts 3, 4, and 5, like the others, are required to meet the pleading standards of *Twombly/Iqbal.* As for Count 3, a complaint cannot merely "hypothesize supervisory involvement," but must "portray specific conduct" by a supervisor directing the arrest or use of force. *Cresci v. Kazan*, Civ. No. 19-19928, 2020 WL 5700754, at *3 (D.N.J. Sept. 24, 2020) (second quotation quoting *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015)). A claim that the City is liable cannot "merely recite[] the legal standards for municipal liability" or allege generally, without facts, that the City's training or supervisory policies are inadequate. *Id.* at *4 (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798–801 (3d Cir. 2019) (allegations of municipal liability withstood a motion to dismiss when they were supported by a journalistic investigation of relevant activities by the police and a consent decree with the Department of Justice entered into after an investigation of the police departments' practices in the relevant period)).

judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *N. Sound Cap. LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (quoting *Hedges v. Musco,* 204 F.3d 109, 123 (3d Cir. 2000)); *see also* 28 U.S.C. § 1367(c). We are in the very early stages of litigation; few if any federal resources have been expended; and Mr. Legriere provides no "affirmative justification" for retaining the state-law claims in the absence of any federal claim.[5]

I therefore decline to exercise supplemental jurisdiction over Counts 6–10, which will be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the motions to dismiss are granted. Because this an initial dismissal, it is entered without prejudice to the submission, within 30 days, of a properly supported motion to amend the complaint, attaching the proposed pleading. *See* Fed. R. Civ. P. 15; D.N.J. Local Civ. R. 7(f). Any amended complaint need not attach evidence to prove the plaintiff's case; it must, however, allege facts sufficient to make out a plausible claim.

A separate order will issue.

Dated: February 1, 2021

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

---

[5] There is an additional good reason to defer passing on the merits of the state-law claims now. While the Complaint as it stands is factually deficient, Mr. Legriere claims to have further facts in his possession and may, if appropriate, seek to amend his Complaint. If he does not do so, there is little reason to retain these state-law claims in federal court. But if he does amend, the state claims may be properly considered with the benefit of supplemental factual allegations.